IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| SAUL ANTONIO PRUDENCIO, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: PWG-16-2693 |
| CAPITAL ONE, N.A., *et al.*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Saul Antonio Prudencio and Margarita Prudencio, proceeding *pro se*, filed suit against Defendants Capital One; Mortgage Electronic Registration Systems, Inc. ("MERS"); Federal National Deed of Trust Association ("Fannie Mae"); Chevy Chase Bank, F.S.B. ("Chevy Chase") and Samuel I. White, P.C. ("White"), alleging that Defendants illegally initiated foreclosure proceedings and sold Plaintiffs property through those proceedings in the Circuit Court for Prince George's County, Maryland. *See* Compl. ¶ 33, ECF No. 1. Defendants Capital One and White now move to dismiss Plaintiffs' Complaint, arguing that Plaintiffs' claims are barred under *res judicata* and collateral estoppel. *See* Capital One's Mem. 1, 4, ECF No. 22-1; White's Mot. to Dismiss 1, ECF No. 26 (adopting Capital One's motion). Despite being advised of their right to oppose Defendants' motions, Plaintiffs have not filed a response, and the time for doing so has passed. *See* ECF Nos. 27, 28; Loc. R. 105.2(a). Having reviewed the filings, I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6. Because Plaintiffs could have

brought their claims in the foreclosure action, the doctrine of *res judicata* precludes this litigation, and I will dismiss Plaintiffs' claims with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2006, Plaintiffs purchased their home at 8403 14th Avenue, Hyattsville, Maryland, 20783 (the "Property") with an Adjustable Rate Note ("Note") from Defendant Chevy Chase, in the amount of $272,000.  *See* Adj. Rate Note, Compl. Ex. A, ECF No. 1-2.  In the accompanying Deed of Trust, Defendant MERS was named beneficiary and "nominee for [Chevy Chase] and [Chevy Chase's] successors and assigns."  *See* Deed of Tr. 3, Compl. Ex. B, ECF No. 1-3.  On November 16, 2011, MERS assigned and transferred the Deed of Trust to Defendant Capital One.  *See* Corp. Assign. Deed of Tr., Compl. Ex. C., ECF No. 1-4.  Shortly after this assignment, Plaintiffs defaulted on their loan and on August 29, 2012, Capital One initiated foreclosure proceedings in the Circuit Court for Prince George's County, Maryland.  *See* Foreclosure Action Docket, Capital One's Mem. Ex. 1, ECF No. 22-2.

On July 16, 2014, a Report of Sale for the Property was filed in the state Circuit Court.  *Id.* at 3.  Subsequently, on April 1, 2015, the state court ratified the sale.  *Id.* at 4.  Plaintiffs moved for reconsideration on April 9, 2015; however, the state court denied this motion.  *Id.* at 4-5.  On August 8, 2016, the court entered an Order awarding possession of the Property to Capital One.  *Id.*  In response, Plaintiffs filed suit, alleging that "the property was improperly, illegally, fraudulent[ly], and/or unlawfully sold at a foreclosure sale to Defendant Capital One."  Compl. ¶ 33.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the "dismissal of a complaint if it fails to state a claim upon which relief can be granted."  *Velencia v. Drezhlo*, No.

RDB-12-00237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). The purpose of the rule "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79; *see Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. With that standard in mind, "a plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar any recovery." *Jones v. Bock,* 549 U.S. 199, 214–15 (2007) (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense").

## DISCUSSION

The primary argument put forward by Defendants is that Plaintiffs' claims are barred by the doctrine of *res judicata*. "Res judicata … bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel Co. v. Wilson,* 519 F.3d 156, 161 (4th Cir. 2008) (citing *Pueschel v. United States,* 369 F.3d 345, 355 (4th Cir.

3

2004)).  Additionally, when a federal court litigant asserts *res judicata* based on a state court judgment, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  Under Maryland law, *res judicata*, or claim preclusion, "applies when (1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits."  *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (citing *Anne Arundel County Bd. of Educ. v. Norville,* 887 A.2d 1029, 1037 (Md. 2005)).

**A.  Parties are the same or in privity**

Here, the parties in the present case are in privity with the parties in the state court foreclosure action.  "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right"  *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (quoting *Anyanwutaku v. Fleet Mortgage Group, Inc.,* 85 F. Supp. 2d 566, 572–73 (D. Md. 2000)).  In the foreclosure action, White was the retained law firm for the substitute trustees, and is now a Defendant in the present suit.  *See* Mot. to Strike, Capital One's Mem. Ex. 3, ECF No. 22-4.  Capital One was also a Plaintiff in the prior dispute and now a Defendant in this suit.  *See* Foreclosure Action Docket 1.  In addition, according to the Deed of Trust, Defendant MERS, is the nominee and beneficiary for Chevy Chase and all "successors and assigns," and therefore was also an interested party in the prior suit.  *See* Deed of Tr. 3.  Because it is clear that the parties in this suit are either the same or in privity, I find that the first element of claim preclusion has been satisfied.  *See Jones*, 2011 WL 382371, at *5 (finding that "because all defendants share a mutuality of interest with

respect to the validity of the foreclosure judgment, the first element of the claim preclusion test is met").

### B. Identical claims

In Maryland, the Court of Appeals has held that in order to determine whether claims are identical the court uses the transaction test. *See Kent Cnty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman,* 731 A.2d 916, 928 (Md. 1999)). Notably, *res judicata* bars not only claims from the original litigation, but also other claims that could have been brought in the original litigation. *Id.* (citing *Gertz v. Anne Arundel Cnty.,* 661 A.2d 1157, 1161 (Md. 1995)). This Court has consistently held that *res judicata* bars collateral attack on foreclosure judgments. *See Jones*, 2011 WL 382371, at *5 (holding that claims for violations of the Fair Debt Collection Practices Act, breach of fiduciary duty, and fraud could not be brought, as the claims could have been raised in the foreclosure proceeding); *Anyanwutaku*, 85 F. Supp. 2d at 571 (concluding that plaintiff's claims, *inter alia*, for illegal foreclosure, fraud and misrepresentation, and conspiracy were barred by *res judicata* as the claims concern the same transaction).

In Count One, Plaintiffs claim that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 – 2617, by foreclosing on their Property. Compl. ¶¶ 58–79. In Count Two, Plaintiffs claim negligence and breach of fiduciary duties, based on Defendants' acts in servicing their loan. *Id.* ¶¶ 80–93. In Count Three, Plaintiffs claim that Defendants engaged

in fraud and misrepresentation "to cause the Plaintiffs to incur debt and/or otherwise place adverse interest against their property and/or interests." *Id.* ¶¶ 94–101.  In Count Four, Plaintiffs claim that Defendants' acts amounted to a civil conspiracy, *id.* ¶¶ 102–08, and in Count Five, they claim that through their acts, Defendants engaged in intentional infliction of emotional distress, *id.* ¶¶ 109–21. Plaintiffs claim in Count Six that Defendants violated the Racketeer Influences and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, by participating in "a pattern of corrupt activity or the collection of an unlawful debt" that resulted in their loss of the Property through the foreclosure proceeding. *Id.* ¶¶ 122–43.

The state court foreclosure action and the present case relate to the same transaction or occurrence: the $272,000 Note and Deed of Trust on the Property and the foreclosure action that resulted when Plaintiffs failed to make payments.  Therefore, all of Plaintiffs' present claims could have been raised in the foreclosure action.  *See Bullock v. Ocwen Loan Servicing, LLC*, No. PJM-14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015) (finding that plaintiff's FDCPA and RESPA "statutory claims [we]re premised on [plaintiff's] contention that the Defendants lacked the legal authority to enforce the note and deed of trust" and therefore "the statutory claims ar[o]se out of the same series of transactions" as the state foreclosure action and were barred under *res judicata*); *Pitkin v. Ocwen Fin. Corp.*, No. 12-00573-AW, 2012 WL 5986480, at *3 (D. Md. Nov. 27, 2012) (dismissing plaintiff's RICO claim under the doctrine of *res judicata*, as "claim arose out of the same series of transactions as the claims in the state [foreclosure] proceeding"); *McCreary v. Benificial Mortg. Co. of Maryland*, No. AW-11-CV-01674, 2011 WL 4985437, at *4 (D. Md. Oct. 18, 2011) (dismissing on *res judicata* grounds plaintiff's claims, *inter alia*, for fraud, fraudulent misrepresentation, intentional infliction of emotional distress, and gross negligence, as "Plaintiff had a fair opportunity to present claims

against Defendants during the prior foreclosure proceedings"); *Jones*, 2011 WL 382371, at *5; *Anyanwutaku*, 85 F. Supp. 2d at 571.  Thus, Defendants have satisfied the second element of claim preclusion.

### C. Final judgment on the merits

In this case, the state court ratified the foreclosure sale, and Plaintiffs moved for reconsideration.  *See* Foreclosure Action Docket 4.  The court ultimately denied the motion, and Plaintiffs did not seek any further relief or appeal.  *Id.*  Therefore, there was a final judgment on the merits. *See Coleman v. Countrywide Home Loans, Inc.*, No. L-10-2297, 2010 WL 5055788, at *4 (D. Md. Dec. 3, 2010) (explaining that failure to file an exception to the foreclosure sale or an appeal rendered ratification of the sale a final judgment on the merits).

As such, I find that there has been a final judgment on the merits.  Because all three elements of *res judicata* have been met, the claims pending in this Court, which seek damages for the same allegedly illegal conduct regarding the foreclosure sale of the Property, are precluded and this case must be dismissed with prejudice.[1]

### ORDER

Accordingly, it is this 28th day of November, 2016, hereby ORDERED that:

1. The Motions to Dismiss, ECF Nos. 22 and 26, ARE GRANTED.
2. The Clerk is DIRECTED to CLOSE THE CASE and to MAIL a copy of this Memorandum Opinion and Order to Plaintiffs.

_____/S/_____
Paul W. Grimm
United States District Judge

---

[1] Since *res judicata* bars Plaintiffs' claims, the Court need not address collateral estoppel.